Cole, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of the two product claims of appellants’ application No. 242,432 for patent on an allegedly new chemical compound and a process for producing it. The process claims of the application were allowed by the examiner.
The appealed claims are as follows:
21. A compound selected from the group consisting of 1,2,3,4-tetraehloro-cyclopentadiene-1,3 and a l,2,3,4-tetrachlorocyelopentadiene-l,3 wherein a ring chlorine atom has been replaced by a trichlorovinyl group.
22. l,2,3,4-Tetrachlorocyclopentadiene-l,3.
The rejection is based solely on an alleged disclosure in the prior art of the compound of claim 22, which compound is a member of the Markush group of claim 21. Under these circumstances it is clear that claim 21 will stand or fall with claim 22 and accordingly only the latter claim will be considered in detail.
The prior art disclosure relied on by the Patent Office tribunals is found in an extract from an article by Straus et al. in Berichte der Deutschen Chemischen Gesellschaft, Vol. 63, page 1870 (1930), hereinafter referred to as Straus. That article discloses the reaction of cyclopentadiene with hypobromite solution to make hexabromocy-clopentadiene, and the pertinent portion of the text of the article is as follows:
*729 * * ⅜ ti1us jn the ease of cyclopentádiene it amounts to a replacement of all 6 hydrogen atoms by halogen without the low substituted preliminary stages having to be included (16) and in the case of indiene the reaction remains in harmony therewith -after taking on 3 halogen atoms. Chlorine and bromine behave in the same way. One must regard the process as taking place through the following intermediate stages to which it is common that the linkage is supported as far as possible by carbon atoms already carrying halogen.
The quoted statement is immediately followed by a series of structural formulae beginning with cyclopentádiene and passing through a number of intermediates to hexabromocyclopéntadiene, and one of the intermediates' shown is l,2,3,4-tetrabrom'ocyclopentadiene-l,3, which is the bromine compound exactly corresponding to the chlorine compound recited in appealed claim 22.
Straus does not state that any of the intermediates whose formulae he gives can actually be obtained by his process, and there is an affidavit of record indicating that they cannot. It is well settled, however, that a reference which clearly names a compound or identifies it by structural formula constitutes a full anticipation of a claim to that compound, even though the reference contains only an inoperative method for producing the compound, or no method at all. In re Von Bramer et al., 29 C. C. P. A. (Patents) 1018, 127 F. 2d 149, 53 USPQ 345; In re Stoll et al., 34 C. C. P. A. (Patents) 1058, 161 F. 2d 241, 73 USPQ 440; In re Crosley et al., 34 C. C. P. A. (Patents) 882, 159 F. 2d 735, 72 USPQ 499; In re Shackell, 39 C. C. P. A. (Patents) 847, 194 F. 2d 720, 93 USPQ 34; In re Kebrich, 40 C. C. P. A. (Patents) 780, 201 F. 2d 951, 96 USPQ 411; Eastmam Kodak Co. v. Coe, 51 USPQ 407; Merck & Co., Inc., et al. v. Marzall, 91 U. S. App. D. C. 50, 197 F. 2d 206.
In the Von Bramer case, supra, we said:
It .is not ne'eessary that a reference patent for a device or chemical compound disclose an operative process for producing tbe article or product.
and in the Crosley case, supra, we said:
Furthermore, this court is committed to the doctrine that where a product is clearly disclosed in a publication, the operativeness of any of the processes by which it is claimed the product could be produced is immaterial, and that the disclosure of the composition is sufficient to anticipate a claim therefor.
It follows that if Straus showed the structural formula of l,2,3,4-tetrachlorocyclopentadiene-l,3, instead of that of 1,2,3,4-tetra-bromocyclopentadiene-1,3, appealed claim 22 would be clearly anticipated, and this is conceded in appellants’ brief, wherein it is stated that:
* * * if the compound of appealed Claim 22 were named, or pictured by formula in the reference, or its properties recited, the Von Bramer rule would apply, but such is not the case.
*730 While it is true that Straus neither names nor gives the formula of the compound of appealed claim 22, it is our opinion that he discloses that compound in a sufficiently clear and definite manner to .anticipate that claim.
We cannot agree with appellants’ contention that the statement'by Straus that “chlorine and bromine behave in the same way” is limited to the reactions described in the sentence immediately preceding it. Straus uses the generic term “halogen” throughout his description, including the final sentence before his structural formulae, which clearly indicates that all the halogens will perform in the same way, and that the bromine compounds are shown by way of illustration only.
We believe that the Straus disclosure, as a whole, would clearly teach a person of ordinary skill in the art that if chlorine were substituted for bromine in the process described, there would' result a series of compounds having exactly the structural formulae shown by Straus except that bromine would, in every instance, be replaced by chlorine. The disclosure, therefore, is exactly equivalent to one in which the chlorine compounds in question are actually illustrated'by structural formulae, and hence constitutes an anticipation of the appealed claims under the authorities above cited.
Our holding in this respect is supported by that in In re Stoll et al., supra. In that case the appealed claim called for dihydro-deriva-tives of the group consisting of ergotamine, ergotoxine and other specified substances, while the reference patent actually named only dihydro-ergotocin and its salts. However, the patentee stated that “I have also hydrogenated ergotoxin and ergotamine by the procedures herein set forth.” That disclosure was held to be sufficient to anticipate the substances claimed by the appellant, even though they were not expressly named nor identified by formula.
Similarly, in Merck & Co., Inc., et al. v. Marzall, supra, it was held by the United States Court of Appeals for the District of Columbia Circuit that a claim for a compound, was anticipated by a prior art disclosure which did not name the compound or give its formula but which contained language which the court considered sufficient to identify the compound to one skilled in the art.
Our position in the present case is dictated by what we conceive to be the necessary interpretation of the prior cases. We cannot see a logical distinction between this case, where the compound- was revealed as clearly as if it had been explicitly named, and those cases in which it happened to be named explicitly. In this case it would not have changed the force or meaning of the reference in the slightest if it had specifically named each of the corresponding chlorine com *731 pounds. We can see no reason why wé should hold an explicit naming of a compound to be an anticipation, and hold an equally clear, though implicit, disclosure not to be an anticipation.
At the same time, however, though our decision is compelled by the existing law, we feel constrained to point out that there are limits to the doetrine of those cases. What'the precise boundary lines are, w.e are unable now to discern. Certainly they do not extend so far as to permit publication of theoretical-lists of hundreds or thousands of possible compounds to.deny patent protection on.such compounds to those who actually discovered them later. The exact boundaries will have to be delineated on a case by case basis. But whatever they may'he, we have not readied them here.
Upon careful consideration of this case we conclude that Strahs identifies l,2,3,4-tetrachlorocyclopentadiene-l,3 with- sufficient clarity and distinctness to constitute an anticipation of the claims here, involved, and the decision of the Board of Appeals is accordingly affirmed.
Jackson, Judge, retired, recalled to participate.